UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAVID HARRISON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:17 CV 133 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

David Harrison, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 16-09-002) held at the Indiana State Prison on September 20, 2016. The Disciplinary Hearing Officer (DHO) found him guilty of Use/Possession of a Controlled Substance in violation of B-202 and sanctioned him with the loss of 60 days earned credit time and a demotion to Credit Class 2.

In the petition, Harrison argues that there was insufficient evidence to have found him guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Such is the case here. The Conduct Report states that "On the date of 8-26-16 at approximately 7:30 p.m. I ofc. Lain was shaking down the assigned bed area of Harrison, D #173411, w/row 6, bed 9 area. During the shakedown I found a tissue containing a green leafy substance on top of his assigned locker. The item was confiscated for evidence." (DE # 1-1 at 2.) That is some evidence that Harrison possessed a controlled substance.

Nevertheless, Harrison argues that the substance was subsequently tampered with and points to the two photographs in the case file as proof:

> In the two pictures of evidence the alleged K-2 in the first picture it is some crumbs in a piece of toilet paper that the crumbs are green in color. In the second picture it turns into a ball of something and it is brown and black in color. The pictures are definitely two different things. You can't ball up crumbs and how does the evidence change color.

(DE # 1 at 2.) However, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, Harrison argues that only one of the two pictures represents the substance confiscated from his cell. Even if true, that would not negate the fact that a controlled substance was found in Harrison's cell. At most, it would merely show that correctional officers mistakenly included one picture of a substance

that was something other than the substance confiscated from Harrison. That is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

**SO ORDERED.**

Date: April 25, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT